Filed 4/12/22  Mowatt v. Chafiq CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHRISTOPHER MOWATT, | B311870 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YD059396) |
| v. | |
| HOUDA CHAFIQ, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gia G. Bosley, Judge.  Affirmed.

Christopher Mowatt, in pro. per., for Plaintiff and Appellant.

No appearance for Respondent.

_____

In this marital dissolution case, Petitioner and appellant Christopher Mowatt (Father) appeals from a post-judgment order changing the visitation schedule and requiring him to cooperate

to obtain a new passport for the parties' minor child. The sole issue raised on appeal concerns the family law court's denial of Father's oral motion to disqualify the family law judge under Code of Civil Procedure section 170.1.[1] A determination concerning disqualification under section 170.1 is not an appealable order, however, and Father has not shown that his due process right to an impartial judge was violated. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and respondent Houda Chafiq (Mother), whose marriage was terminated by a judgement entered in this case in 2011, share custody of one child. The parties' prior visitation schedule is not part of the record on appeal, but on February 20, 2020, Mother filed a request for an order seeking to change the visitation schedule to provide Father with visitation on alternate weekends and ordering Father to cooperate in obtaining a new passport for the child. Father did not file any opposition to the request.

A hearing was held on Mother's request on January 13, 2021. At the hearing, Father requested a continuance to obtain counsel. The family law judge denied the request for a continuance because the matter had been pending for nearly a year, but Father had not filed a responsive declaration or a

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated. In February 2021, Father notified the family law court of his legal name change to Sinjin Taidje Mahdi Khan. The respondent in the proceedings below, Houda Chafiq, has not filed a respondent's brief on appeal.

request to continue, and his request for a continuance was untimely.

After the family law court denied the request for a continuance, Father interjected, "You're disqualified under C.C.P. 170.1 effectively immediately. You are no longer on the case." The family law court stated that Father could file a request for disqualification. Father responded, "No, that's 170.6. [¶] A 170.1 is where I disqualify you for prejudice and bias." The family law court explained that Father still had to file a motion. Father disagreed, "No, Ma'am. [¶] A notice is sufficient to remove you, and I have several days to file a notice or to file the motion. [¶] Court counsel will advise you on your options at this point, but effective immediately, you are no longer on this case --" The family law court reiterated the ruling denying a continuance. The family law court directed Father to the statutes containing the requirements to submit a request for disqualification if he wanted to pursue the matter, and proceeded to hear argument on the remaining issues.

At one point during the hearing, Father experienced difficulty breathing. The family law court suggested that he step outside, and the court took a brief recess in the case. By the time the matter was called again, Father had not returned. The bailiff reported that Father had continued to have difficulty breathing and needed to take heart medication. The family law court ordered the parties, including Mother and the minor's counsel, to return at 1:30 p.m. At 1:50 p.m., 20 minutes after the case had been called, Father phoned into the hearing from his car. Father participated in the hearing by telephone until he arrived in the courtroom.

3

The family law court modified Father's visitation to alternate weekends, without overnight visits. Both parties were ordered to cooperate in applying for a duplicate passport for the child. Father filed a notice of appeal from the January 13, 2021 order.

## DISCUSSION

### Oral Disqualification Motion Under Section 170.1

The sole issue that Father raises on appeal concerns the denial of his oral motion to disqualify the family law judge under section 170.1. However, the ruling on this motion is not reviewable on appeal.[2]

Section 170.1 provides specific grounds for disqualification of a trial judge for cause, including whether for any reason "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." (§ 170.1, subd. (a)(6)(A)(iii).) In addition, "[b]ias or prejudice toward a lawyer in

---

[2] On March 21, 2022, we invited the parties to file letter briefs addressing the issue of appealability. Mowatt filed a response conceding that "the issue of disqualification can only be reviewed by and through a Writ of Mandate." To the extent that Mowatt's response also includes arguments not related to appealability, we decline to address new issues that Mowatt failed to raise in his opening brief, which have been deemed waived or abandoned. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555 [appellate review is limited to issues adequately raised and supported in the appellant's opening brief].)

the proceeding may be grounds for disqualification." (§ 170.1, subd. (a)(6)(B).)

"At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." (§ 170.1, subd. (c).)

Section 170.3, subdivision (c)(1), provides in relevant part: "If a judge who should disqualify himself or herself refuses or fails to do so, any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge. The statement shall be presented at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (§ 170.3, subd. (c)(1).) The question of disqualification is heard by another judge agreed to by all of the parties. (§ 170.3, subd. (c)(5).)

The exclusive means to obtain appellate review of a ruling concerning the disqualification of a judge is by a writ of mandate. (§ 170.3, subd. (d).) Section 170.3, subdivision (d), expressly states in relevant part: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (§ 170.3, subd. (d).)

"In *People v. Panah* (2005) 35 Cal.4th 395, 444 (*Panah*), the Supreme Court reiterated that section 170.3, subdivision (d) provides the only method by which a party may seek appellate

5

review of [a ruling regarding] the disqualification of a judge: 'As we have repeatedly held, the statute means what it says: Code of Civil Procedure section 170.3, subdivision (d) provides the exclusive means for seeking review of a ruling on a challenge to a judge, whether the challenge is for cause or peremptory.' The Supreme Court has also expressly *rejected* the claim that a disqualification ruling is reviewable on appeal from a subsequent judgment. (*People v. Williams* (1997) 16 Cal.4th 635, 652 ['statutory judicial disqualification claim is not properly before us on this automatic appeal following a judgment of death']; *People v. Brown* (1993) 6 Cal.4th 322, 333 ['section 170.3[, subdivision] (d) creates an exception to the general rule that interlocutory rulings are reviewable on appeal from a final judgment'].)" (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 671–672 (*Brown*).)

There is no evidence in the record that Father complied with the statutory procedures to request disqualification under section 170.1 and 170.3. More importantly, a ruling on disqualification is not appealable except by writ of mandate, and not reviewable even on appeal from an appealable order. Father is precluded in this appeal from seeking review of the January 13, 2021 order denying his oral motion for disqualification.

## Due Process Right to Impartial Judge

"'[N]otwithstanding the exclusive-remedy provision of Code of Civil Procedure section 170.3, "a [party] may assert on appeal a claim of denial of the due process right to an impartial judge." [Citation.]' (*Panah, supra,* 35 Cal.4th at p. 445, fn. 16.) 'The Due Process Clause entitles a person to an impartial and

disinterested tribunal in both civil and criminal cases.' (*Marshall v. Jerrico, Inc.* (1980) 446 U.S. 238, 242.)" (*Brown, supra,* 224 Cal.App.4th at p. 673.) To the extent that Father's appeal could be construed to attempt to raise a due process claim, it has no support.

There is no evidence in the record that Father availed himself of the procedure to obtain a disqualification ruling from the lower court. In addition, nothing in our review of the appellate record in this case reflects bias or lack of impartiality by the family law judge in this case. Rulings made against Father are not evidence of bias or impartiality. (*Brown, supra,* 224 Cal.App.4th at p. 674 ["The trial judge's adverse legal rulings and denial of a request for a continuance do not reflect personal bias."]) In his appellate brief, Father describes circumstances outside of the appellate record that he considers suspicious or evidence of a lack of impartiality, such as minor's counsel appearing too promptly at hearings when they resumed after breaks. Father speculates this means minor's counsel must have been on the phone with the judge during the breaks, planning together on a ruling. Father's wild conjecture in his appellate brief on this and other purported examples of judicial bias have no support whatsoever in the appellate record. In fact, the reporter's transcript of the hearing in this case reflects that the family law judge did not simply accept the position of minor's counsel. We find no evidence in the record of bias or lack of impartiality on the part of the family law judge against Father.

## DISPOSITION

The January 13, 2021 order is affirmed.  The parties are to bear their own costs on appeal.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.